UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JETTEO, LLC | ) | |
| | ) | Case No. 25-cv-1380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE ENTITY IDENTIFIED | ) | |
| ON SCHEDULE A, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERIFIED COMPLAINT</u>**

Jetteo, LLC ("Jetteo" or "Plaintiff"), by and through its attorneys, hereby brings the present action against the Entity Identified on Schedule A attached hereto ("Defendant") and alleges as follows.

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, internet e-commerce store[1] operating under the seller alias identified in Schedule A attached hereto (the "Defendant Internet Store"). Specifically, Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S.

---

[1] URL links are listed on Schedule A hereto.

1

dollars, and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. This action has been filed by Jetteo to combat an online infringer who trades upon Jetteo's patented design by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the sandwich makers ("the Infringing Products"), that infringe Plaintiff's United States Patent No. 11,409,647 ("the '647 Patent").

4. Further, this action is intended to protect unknowing consumers from purchasing Infringing Products over the Internet.

5. Defendant has at least one e-commerce store that is making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendant's actions and seeks injunctive and monetary relief.

6. Plaintiff Jetteo, LLC is a Pennsylvania limited liability company having an address at 1653 Litiz Pike #2077, Lancaster, PA 17601.

7. Jetteo has been engaged in the business of designing, sourcing, and marketing sandwich makers covered by the '647 Patent ("Jetteo Products"). Jetteo Products can be purchased from Amazon.com. Since at least as early as August 2019, Jetteo has marketed, advertised, promoted, imported, and/or sold Jetteo Products to consumers in the United States.

8. Jetteo Products are loved by customers at least because of the unique patented design claimed in the '647 Patent, which includes, but not limited to, the following feature set forth in claim 1: the sealing press having an oblique surface between a sealing edge and a rim, with a first edge of the oblique surface being perimetrically connected to the sealing edge and the oblique surface tapering from the first edge to the second edge. As explained in the '647 Patent, this oblique surface may compress the upper piece of the sandwich compactly, without creating any cracks or spillage of the filling, while giving a slightly bulged shape for the upper piece of the sandwich – allowing users to have a perfectly sealed, spill proof, and aesthetically appealing sandwich with a slight dome shape. *See* '647 Patent at col. 1, lines 41-49. A representative figure of the '647 Patent follows:



9. As recorded with the U.S. Patent Office at reel 068079, frame 0663, Jetteo is the lawful assignee of all right, title, and interest in and to United States Patent No. 11,490,647 ("the '647 Patent"), entitled SANDWICH MAKER FOR MAKING CRUSTLESS SEALED SANDWICH.

10. The '647 Patent was duly and legally issued on November 8, 2022. Attached as Exhibit 1 is a true and accurate copy of the '647 Patent.

11. At all times relevant, Jetteo and any licensees complied with the federal patent marking statute, 35 U.S.C. § 287(a).

12. To the best of Jetteo's knowledge, Defendant owns and/or operates at least the Defendant Internet Store identified on Schedule A.

13. On information and belief, Defendant resides and/or operates in the People's Republic of China at the address set forth in Schedule A. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

14. Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more Defendant Internet Store, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Illinois.

15. In addition to operating under multiple fictitious names, defendants such as here often use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

16. On information and belief, e-commerce store operators like Defendant are also in constant communication with each other and regularly participate in WeChat groups and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

17. Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiffs' enforcement efforts, such as take down notices. On information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from its PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

18. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe directly and/or indirectly the '647 Patent, and continues to do so via the Defendant Internet Store. The Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold Infringing Products into the United States, including Illinois.

19. Defendant's infringement of the '647 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

20. Defendant's infringement of the '647 Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I

(Infringement of U.S. Pat. No. 11,490,647)

21. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

22. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes directly and/or indirectly the '647 Patent.

23. Specifically, Defendant has infringed and continues to infringe at least claim 1 of the '647 Patent by making, using, importing, selling, and/or offering to sell its infringing products in the United States without authorization or license from Plaintiff. An example claim chart is provided at Schedule A-1.

24. Defendant has profited by its infringement of the '647 Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

25. Defendant has infringed the '647 Patent and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26. Plaintiff is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

## COUNT 2

(Infringement of U.S. Pat. No. D909,809)

27. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

28. As set forth in the '647 Patent, it is desirable to provide sandwich cutters having different shapes. *See* '647 Patent at col. 1, lines 25-27.

29. While each of the Infringing Products is the same in all respects relevant to the '647 Utility Patent as discussed above, many of the Infringing Products further infringe U.S. Pat. No. D909,809 by having the same aesthetic appearance as claimed in the '809 Design Patent. Each of the known Infringing Products which has a round configuration further infringes the '809 Design Patent, as shown in Schedule A-2.

30. As recorded with the U.S. Patent Office at reel 068079, frame 0663, Jetteo is the lawful assignee of all right, title, and interest in and to United States Patent No. D909,809 ("the '809 Design Patent"), entitled CIRCULAR SANDWICH CUTTERS.

31. The '809 Design Patent was duly and legally issued on February 9, 2021. Attached as Exhibit 2 is a true and accurate copy of the '809 Design Patent.

32. At all times relevant, Jetteo and any licensee complied with the federal patent marking statute, 35 U.S.C. § 287(a).

33. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes directly and/or indirectly the '809 Design Patent.

34. Specifically, Defendant has infringed and continues to infringe the '809 Design Patent by making, using, importing, selling, and/or offering to sell its Infringing Products in the United States without authorization or license from Plaintiff.

35. Defendant has profited by its infringement of the '809 Design Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement.

36. Defendant has infringed the '809 Design Patent and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

37. Plaintiff is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

38. Plaintiff is entitled to recover the entire profit that Defendant has made regarding the Infringing Products which infringe the '809 Design Patent pursuant to 35 U.S.C. § 289.

## **PRAYER FOR RELIEF**

WHEREFORE, Jetteo requests judgement against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing product; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use

the infringing product; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

  B. Entry of an Order that, upon Jetteo's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the infringing product;

  C. That Jetteo be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Jetteo for Defendant's infringement of the '647 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs, pursuant to 35 U.S.C. § 284;

  D. That the amount of damages awarded to Jetteo to compensate Jetteo for infringement of the '647 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

  E. That, for Defendant's infringement of the '809 Design Patent, Jetteo be awarded the higher of: (1) such damages as it shall prove at trial against Defendants that are adequate to compensate Jetteo for Defendant's infringement of the '809 Design Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, pursuant to 35 U.S.C. § 284; and (2) Defendant's total profits for selling the Infringing Products, pursuant to 35 U.S.C. § 289.

  F. That the amount of damages awarded to Jetteo to compensate Jetteo for infringement of the '809 Design Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

  G. That, for Defendant's infringement of the '809 Design Patent, Jetteo be awarded interest and costs pursuant to 35 U.S.C. § 284;

  H. That Jetteo be awarded its reasonable attorneys' fees; and

  I. Award any and all other relief that this Court deems just and proper.

Dated: February 10, 2025           Respectfully Submitted,

/s/ _____
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
jpoplin@avekip.com
*Attorney for Plaintiff*

## **VERIFICATION**

I, Kei Tawara, hereby declare and state that:

1. I am the President of Jetteo, LLC ("Jetteo" or "Plaintiff"). As such, I am authorized to make this verification on behalf of Jetteo.

2. I have read the forgoing complaint; based on my personal knowledge, the factual allegations contained in the forgoing verified complaint are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2025                          _____
                                                                                              Kei Tawara

11